**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 28 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NYAMDELGER TOMSUREN and BATBOLD BURENTUGS, <br><br> Petitioners, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 11-71777 <br><br> Agency Nos.    A099-345-076 <br>                 A099-345-077 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 1, 2015[**]
San Francisco, California

Before: NOONAN and SILVERMAN, Circuit Judges and HUCK,[***] Senior
District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Paul C. Huck, Senior District Judge for the U.S. District Court for Southern Florida, sitting by designation.

Nyamdelger Tomsuren and her husband Batbold Burentugs, Mongolian citizens, petition for review of the Board of Immigration Appeals' dismissal of their appeal from the immigration judge's decision denying their asylum applications as time-barred and denying Burentugs's application for withholding of removal and protection under the Convention Against Torture. Except as noted below, we have jurisdiction under 8 U.S.C. § 1252. We **GRANT THE PETITION IN PART, DISMISS IN PART,** and **REMAND** for further proceedings.

With respect to petitioners' asylum applications,[1] we have jurisdiction to consider the BIA's application of the exceptions to the one-year bar to *undisputed* facts. *Singh v. Holder*, 656 F.3d 1047, 1051 (9th Cir. 2011); *Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007). However, we lack jurisdiction to consider the BIA's application of the exceptions to *disputed* facts. *Gasparyan v. Holder*, 707 F.3d 1130, 1134 (9th Cir. 2013). Because the BIA's determination

---

[1]Tomsuren filed her asylum application first, listing Burentugs as a derivative. Burentugs filed a separate application four months later, after the government argued Tomsuren's application was time barred and that Burentugs could not be a derivative on her withholding of removal and CAT applications. The IJ denied both applications as untimely, the BIA affirmed that decision, and petitioners appeal that decision here. Accordingly, although Burentugs remains a derivative on Tomsuren's asylum application and adjudication of his separate claim will be unnecessary if the agency grants Tomsuren asylum on remand, the denial of both applications is before this court.

that petitioners failed to establish "changed circumstances" is based on the undisputed fact that petitioners' persecutor, Miyegombyn Enkhbold, was elected Prime Minister of Mongolia in January 2006, we have jurisdiction to review this aspect of the petition.[2]  On the other hand, we lack jurisdiction to consider the BIA's conclusion that petitioners failed to establish "extraordinary circumstances" because that conclusion is based on disputed facts; the duration and severity of Tomsuren's mental condition.  This aspect of the petition for review is accordingly dismissed.

We review the agency's legal determinations regarding the changed circumstances exception de novo.  *Singh*, 656 F.3d at 1051; *Fakhry v. Mukasey*, 524 F.3d 1057, 1062 (9th Cir. 2008).  Where, as here, the BIA incorporates the IJ's reasoning as its own, the court reviews the IJ's decision.  *Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002).

---

[2]The government contends the court lacks jurisdiction over this aspect of the petition because petitioners did not raise the issue of "changed circumstances" during their first appeal to the BIA.  The court "do[es] not employ the exhaustion doctrine in a formalistic manner," however.  *Figueroa v. Mukasey*, 543 F.3d 487, 492 (9th Cir. 2008).  It has jurisdiction notwithstanding petitioners' failure to exhaust the issue during their first appeal to the BIA because they raised it in their second appeal and the BIA subsequently addressed it.  *Kin v. Holder*, 595 F.3d 1050, 1055 (9th Cir. 2010).

In finding that petitioners failed to establish changed circumstances, the agency applied the wrong legal standard. Whether Enkhbold's elevation from Mayor of Ulaan Bataar to Prime Minister of Mongolia was the real reason petitioners decided to file their asylum applications or just an "after thought," as the IJ concluded, has "no role in the changed circumstances analysis." *Fakhry*, 524 F.3d at 1063. The correct legal standard is whether changed country conditions "materially affect the applicant's eligibility for asylum." 8 U.S.C. § 1158(a)(2)(D); *see also Fakhry*, 524 F.3d at 1063. This standard

> does [not] preclude an individual who has always feared persecution from seeking asylum because the risk of that persecution increases. . . . An applicant is not required to file for asylum when his claim appears to him to be weak; rather he may wait until circumstances change and the new facts make it substantially more likely that his claim will entitle him to relief. In such cases, we may recognize changed circumstances.

*Vahora v. Holder*, 641 F.3d 1038, 1045 (9th Cir. 2011) (quotation marks and citations omitted). Because the IJ applied a "subjective intent standard . . . [that] is contrary to the statute and regulations," *Fakhry*, 524 F.3d at 1063, petitioners' applications for asylum must be remanded "for reconsideration under the correct standard," *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1058 (9th Cir. 2006).

In the event the agency denies petitioners' asylum applications on remand, Burentugs's applications for withholding of removal and CAT would still require

adjudication. Accordingly, we also consider the BIA's denial of those applications. We conclude that substantial evidence does not support the BIA's decision.

In concluding that Burentugs did not show he suffered harm rising to the level of persecution or that he faces a clear probability of future persecution, the BIA failed to consider his argument that the attack on his wife and her subsequent miscarriage of their unborn child was persecution of him as well. *Qu v. Gonzales*, 399 F.3d 1195, 1198 n. 3 (9th Cir. 2005); *Mashiri v. Ashcroft*, 383 F.3d 1112, 1120 (9th Cir. 2004); *Arriaga-Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir. 1991). The BIA also failed to consider whether the cumulative effects of the harm to which Burentugs testified rose to the level of persecution. *Krotova v. Gonzales*, 416 F.3d 1080, 1084 (9th Cir. 2005). The BIA is "not free to ignore arguments raised by a petitioner." *Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005). Accordingly, this aspect of the petition is also remanded.

**PETITION FOR REVIEW GRANTED IN PART; DISMISSED IN PART; REMANDED**.

Each party shall bear its own costs.